ORIGINAL

1   Joseph R. Saveri (State Bar No. 130064)
    Kelly M. Dermody (State Bar No. 171716)
2   Eric B. Fastiff (State Bar No. 182260)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3   275 Battery Street, 29th Floor
    San Francisco, California 94111-3339
4   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
5
    Kendall S. Zylstra
6   Stephen E. Connolly
    FARUQI & FARUQI, L.L.P.
7   2600 Philmont Avenue, Suite 324
    Huntingdon Valley, Pennsylvania 19006
8   Telephone: (215) 914-2460
    Facsimile: (215) 914-2462
9
    Eric L. Cramer
10  BERGER & MONTAGUE, P.C.
    1622 Locust Street
11  Philadelphia, Pennsylvania 19103
    Telephone: 1(800) 424-6690
12  Facsimile: (215) 875-4604

13  Joshua P. Davis
    LAW OFFICES OF JOSHUA P. DAVIS
14  437A Valley Street
    San Francisco, California 94131
15  Tel: (415) 422-6223

16  *Attorneys for Plaintiff and the Proposed Class*

E-filing

FILED

NOV 1 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

CV 09 5378

17                  UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19  DAMIEN RHODES, on behalf of himself        Case No.
    and, all others similarly situated,
20

21              Plaintiff,                     **CLASS ACTION COMPLAINT**

22  v.

23  NATIONAL COLLEGIATE ATHLETIC,              **DEMAND FOR JURY TRIAL**
    ASSOCIATION and COLLEGIATE
24  LICENSING COMPANY,

25              Defendants.

26

27          Plaintiff Damien Rhodes, individually and behalf of all others similarly situated, alleges

28  for this Class Action Complaint against defendants National Athletic Association ("NCAA") and

1    Collegiate Licensing Company ("CLC," collectively, "Defendants"), upon personal knowledge as

2    to himself, his beliefs and his own acts, and as to all other matters upon information and belief,

3    based upon, inter alia, the investigation made by his attorneys, as follows:

4                                            **NATURE OF ACTION**

5          1.       Plaintiff brings this Class Action Complaint individually and on behalf of all other

6    similarly situated current and former collegiate student-athletes arising from the unlawful and

7    deceptive practices implemented by the NCAA and its licensing arm, the CLC, for per se

8    violations of the federal antitrust laws by engaging in a price-fixing conspiracy and a group

9    boycott and refusal to deal that has unlawfully foreclosed class members from receiving

10    compensation in connection with the commercial exploitation of their images following the

11    conclusion of their intercollegiate athletic competition careers.

12          2.       Defendant NCAA describes itself as "the organization through which the colleges

13    and universities of the nation speak and act on athletic matters at the national level" and states

14    that it is a "voluntary association of more than 1,000 institutions, conferences and organizations."

15    The NCAA's official "licensing representative" is the for-profit entity CLC, a defendant herein,

16    which is a division of IMG Worldwide, Inc. ("IMG"). CLC states on its website that there is a

17    "\$4.0 billion annual market for Collegiate licensed merchandise" that includes commemorative

18    DVDs, replica jerseys, photographs, video games, stock footage rights, and various other

19    memorabilia.

20          3.       In order for student-athletes to participate in NCAA sanctioned sporting events,

21    they must sign forms that relinquish all rights to the use of their likeness, including after the

22    student-athlete graduates or otherwise no longer participates in NCAA events.

23          4.       As described below, the NCAA has unreasonably and illegally restrained trade in

24    order to commercially exploit former student-athletes. This exploitation lasts a lifetime as

25    student-athletes are perpetually banned from benefiting from the use of their images. The

26    NCAA's conduct is blatantly anticompetitive and exclusionary, as it nullifies any future

27    ownership interests of former student-athletes in their own likeness—even long after student-

28    athletes have ceased attending a university or participating in intercollegiate athletics.

1

## JURISDICTION AND VENUE

2      5.     Plaintiff brings this action to obtain injunctive relief and to recover damages,

3   including treble damages, costs of suit, and reasonable attorneys' fees arising from Defendants'

4   violations of Section 1 of the Sherman Act (15 U.S.C. § 1).

5      6.     The Court has subject matter jurisdiction pursuant to Sections 4 and 16 of the

6   Clayton Act (15 U.S.C. §§ 15 and 26) and 28 U.S.C. §§ 1331 and 1337.

7      7.     Venue is proper in this judicial district pursuant to Section 12 of the Clayton Act

8   (15 U.S.C. § 22) and 28 U.S.C. § 1391(b), (c) and (d) because a substantial part of the events

9   giving rise to plaintiff's claims occurred in this district and a substantial portion of the affected

10  interstate trade and commerce was carried out in this district.

11     8.     Defendants are subject to the jurisdiction of this Court by virtue of their

12  nationwide contacts and other activities, as well as their contacts with the State of California.

13

## PARTIES

14     9.     Plaintiff Damien Rhodes is a resident of Manlius, New York.  Mr. Rhodes was a

15  member of the Syracuse University football team for the 2002 to 2005 seasons.  Mr. Rhodes

16  competed pursuant to the NCAA's rules and regulations, and has been deprived of compensation

17  by Defendants and their co-conspirators for the continued use of his image following the end of

18  his intercollegiate athletic career.

19     10.    Defendant NCAA is an unincorporated association with its principal place of

20  business located at 700 W. Washington Street, Indianapolis, Indiana 46204.

21     11.    Defendant CLC is a for-profit corporation under the laws of Georgia with its

22  principal place of business located at 290 Interstate N Circle SE, Suite 200, Atlanta, Georgia

23  30339.  IMG College, a division of IMG identifies CLC as its "licensing team," and states that

24  CLC is "the unrivaled leader in collegiate brand licensing, managing the licensing rights for

25  nearly 200 leading institutions that represent more than $3 billion in retail sales and more than

26  75% share of the college licensing market."  IMG identifies itself as "a leading collegiate

27  marketing, licensing and media company."

28

847683.2                        - 3 -                    CLASS ACTION COMPLAINT
                                                         CASE NO. _____

1    12.    At all times mentioned, each of the Defendants was the agent, principal and

2    employee of each of the remaining Defendants and in doing the things alleged herein, was acting

3    within the course and scope of such agency and employment.

4                              **FACTUAL ALLEGATIONS**

5    13.    In order for student-athletes to participate in an NCAA sanctioned event, they must

6    annually sign a form that purports to relinquish all rights to the use of their likeness, including

7    after the student-athlete graduates or otherwise no longer participates in NCAA sanctioned

8    events. The form in question—currently known as "Form 09-3a"—requires student-athletes to

9    relinquish all rights in perpetuity for the commercial use of their likeness, including after they

10   graduate and are no longer subject to NCAA regulations. Form 09-3a is purposefully misleading,

11   incomplete and ambiguous on its face. Student-athletes, including many minors, must sign it

12   without informed consent.

13   14.    The NCAA requires student-athletes to sign at least one other similarly illegal

14   consent form pursuant to article 12.5.1.1. of the NCAA Bylaws. This form is the "Institutional,

15   Charitable, Educational, or Nonprofit Promotions Release Statement." This release allows

16   schools and conferences to commercially exploit current and former student-athletes by effecting

17   another purported perpetual release of rights. The NCAA's Bylaws contain further provisions for

18   allowing for-profit third parties to benefit financially from the commercial exploitation of former

19   student-athletes. Refusal to sign the forms described herein precludes student-athletes from

20   participation on his or her respective team.

21   15.    In addition to agreeing to wrongfully interpret the release forms as perpetual

22   licenses, the NCAA has organized, maintained and operated an illegal horizontal cartel consisting

23   of its member schools and conferences, additionally facilitated by Defendant CLC. That cartel

24   has collectively conspired to limit and depress the compensation of former student-athletes for

25   continued use of their images to zero. Defendants' and their co-conspirators' actions further

26   constitute a group boycott and refusal to deal. Their concerted action requires each student-

27   athlete to sign each year the forms described herein that purport to require each of them to

28

847683.2                              - 4 -                    CLASS ACTION COMPLAINT
                                                                        CASE NO. _____

1  relinquish all rights in perpetuity for use of their images. This concerted action in effect a refusal

2  to deal with Class members on future post-competition compensation.

3      16.    The agreement among NCAA member schools to jointly appropriate student-

4  athletes' rights after the expiration of the students' eligibility as an amateur athlete is not

5  necessary to achieve the NCAA's stated goal of clearly demarcating between college and

6  professional sports, or to serve any pro-educational purpose, or any other legitimate,

7  precompetitive purpose in the marketing of college sports.

8      17.    Reasonable and less restrictive alternatives are available than the NCAA's "zero

9  compensation" policy for former student-athletes' licensing rights. For example, all of the major

10  professional sports, including basketball and football, have identified and utilized group-licensing

11  methods to share revenues among teams and players. Additionally, other reasonable and less

12  restrictive alternatives could include the establishment of fund for health insurance, additional

13  education or vocational training, and/or retirement plan contributions to benefit former student-

14  athletes.

15  **CLASS ACTION ALLEGATIONS**

16      18.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil

17  Procedure, on his own behalf and on behalf of the following two classes:

18      The "Declaratory and Injunctive Relief Class" is defined as:

19          All current and former student-athletes residing in the United States
   who compete on, or competed on, an NCAA Football Bowl
20          Subdivision (formerly known as Division I-A until 2006) men's
   football team or any NCAA Division I college or university men's
21          basketball team and whose images may be or may have been
   licensed or sold by Defendants, their co-conspirators, or their
22          licensees after the conclusion of the athlete's participation in
   intercollegiate athletics.
23

24          The Class excludes the officers, directors and employees of
   Defendants, the officers, directors and employees of any NCAA
25          Division I college or university, and the officers, directors, or
   employees of and NCAA Division I athletic conference.

26      The "Damages Class" is identified as:

27          All former student-athletes residing in the United States who
   competed on an NCAA Football Bowl Subdivision (formerly
28          known as Division I-A until 2006) men's football team or an

847683.2            - 5 -             CLASS ACTION COMPLAINT
                                          CASE NO. _____

1      NCAA Division I college or university men's basketball team
2  whose images have been licensed or sold by Defendants, their co-
   conspirators, or their licensees during the four years preceding the
3  filing of this Complaint and continuing until a final judgment in this
   matter.

4      The Class does not include current student-athletes.

5      The Class excludes the officers, directors and employees of
   Defendants, the officers, directors and employees of any NCAA
6  Division I college or university, and the officers, directors or
   employees of any NCAA Division I athletic conference.
7

8  Members of the Damages and Declaratory and Injunctive Relief Classes are collectively referred

9  to herein as the "Class" or the "Classes" unless otherwise individually specified.

10      19.    In addition to seeking certification of nationwide classes for the antitrust claims,

11  Plaintiff also seeks certification of a nationwide class for purposes of his unjust

12  enrichment/constructive trust and accounting claims.

13      20.    Plaintiff does not know the exact number of Class members because that

14  information is in the exclusive control of Defendant NCAA and third parties, namely, the

15  NCAA's member athletics conferences and schools. However, due to the nature of the trade and

16  commerce involved, Plaintiff believes that the Class members number in the thousands and are

17  geographically diverse so that joinder of all Class members is impracticable. Given that the

18  NCAA is selling and licensing the images of players from many decades, as described herein, it

19  stands to reason that there are more student-athletes than current ones affected by the NCAA's

20  anticompetitive practices described herein.

21      21.    There are questions of law and fact common to members of both the Damages

22  Class and the Declaratory and Injunctive Relief Class, including but not limited to the following:

23      a.    whether Defendants and their co-conspirators engaged in or entered into a

24  contract, combination or conspiracy among themselves to fix, depress, maintain, and/or stabilize

25  prices paid to Class members for use of their images after the conclusion of their participation in

26  intercollegiate athletics;

27      b.    whether Defendants' unlawful conduct has enabled them to decrease,

28  maintain or stabilize below competitive levels the output and compensation/royalties that Class

847683.2              - 6 -                  

1 | members would receive for use of their images/ likenesses in a market free of anticompetitive

2 | constraints;

3 |     c.   the duration of the contract, combination or conspiracy alleged herein;

4 |     d.   whether Defendants violated Section 1 of the Sherman Antitrust Act;

5 |     e.   whether Defendant NCAA's Form 09-3a, and any similar forms, are void

6 | and unenforceable;

7 |     f.   whether Defendant NCAA's "Institutional, Charitable, Educational, or

8 | Nonprofit Promotions Release Statement," and any similar forms, are void and unenforceable;

9 |     g.   whether the conduct of Defendants and their co-conspirators caused injury

10 | to the business property of Plaintiff and Class members.

11 |     22.   Additional common questions of law or fact specific to the Damages Class include

12 | the following:

13 |     a.   the appropriate measure of damages sustained by Plaintiff and Class

14 | members; and

15 |     b.   whether Defendants have been unjustly enriched.

16 |     23.   The common questions with respect to the Damages Class predominate over

17 | questions, if any that affect only individual Damages Class members.

18 |     24.   With respect to the Declaratory and Injunctive Relief Classes, common questions

19 | of law include the following:

20 |     a.   whether injunctive relief is appropriate;

21 |     b.   if injunctive relief is appropriate, what types of such relief are suitable in

22 | this matter;

23 |     c.   whether declaratory relief is appropriate;

24 |     d.   whether a constructive trust for the benefit of class members should be

25 | established; and

26 |     e.   whether an accounting is appropriate.

27 |     25.   With respect to members of the Declaratory and Injunctive Relief Class,

28 | Defendants have acted or refused to act on grounds generally applicable to the Class, thereby

847683.2                - 7 -                       CLASS ACTION COMPLAINT

1  making appropriate final injunctive relief or corresponding declaratory relief with respect to the
2  class as a whole.

3     26.    Plaintiff's claims are typical of, and not antagonistic to, the claims of the other
4  Class members. By advancing his claims, Plaintiff will also advance the claims of all Class
5  members, because Defendants participated in activity that caused all Class members to suffer
6  similar injuries.

7     27.    Plaintiff and his counsel will fairly and adequately protect the interests of absent
8  Class members. There are no material conflicts between Plaintiff's claims and those of absent
9  Class members that would make class certification inappropriate. Counsel for Plaintiff is highly
10  experienced in complex class action litigation, including antitrust litigation and will vigorously
11  assert Plaintiff's claims and those of absent Class members.

12     28.    A class action is superior to other methods for the fair and efficient resolution of
13  this controversy. The class action device presents fewer management difficulties, and provides
14  the benefit of a single adjudication, economy of scale, and comprehensive supervision by a single
15  court. The damages suffered by Plaintiff and each Damages Class member are relatively small as
16  compared to the expense and burden of individual prosecution of the claims asserted in this
17  litigation. Thus, absent class certification, if would not be feasible for Plaintiff and Class
18  members to redress the wrongs done to them. It would also be grossly inefficient for the judicial
19  system to preside over large numbers of individual cases. Further, individual litigation presents
20  the potential for inconsistent or contradictory judgments and would greatly magnify the delay and
21  expense to all parties and to the judicial system. Therefore, the class action device presents far
22  fewer case management difficulties and will provide the benefits of unitary adjudication,
23  economy of scale and comprehensive supervision by a single court.

24
25
26
27
28

847683.2                                    - 8 -                        CLASS ACTION COMPLAINT
                                                                              CASE NO. _____

**COUNT I**
**Violation of Section 1 of the Sherman Act 15 U.S.C. § 1**
**Unreasonable Restraint of Trade—Price Fixing and Output Restriction**
**(Against all Defendants)**

29.     Plaintiff incorporates and re-alleges each allegation set forth in the preceding paragraphs of this Complaint.

30.     Defendants and their co-conspirators, specifically, the NCAA Division I and Football Bowl Subdivision conferences and member universities, by and through Defendants' and co-conspirators' officers, directors, employees, agents or other representatives, have entered into a continuing contract, combination, and conspiracy in restraint of trade to artificially depress, fix, maintain and/or stabilize the prices paid (zero dollars) to Class members for the use of, and to limit supply for, licensing and sale of their images in the United States and its territories and possessions, in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

31.     If Plaintiff and Class members were free to license and sell the rights to their images, many more licenses would be sold. This output restriction also has the effect of raising the prices charged by the NCAA and CLC for licensing rights.

32.     Defendants' unlawful conduct resulted in Plaintiff and Class members losing their freedom to compete. This unreasonable restraint on competition has artificially limited supply and depressed prices paid by Defendants and their co-conspirators to Plaintiff and the members of the Class for use of their images after cessation of participation in intercollegiate sports.

33.     Plaintiff and the members of the Class received less than they otherwise would have received for the use of their images in a competitive marketplace, were thus damaged, and seek to recover for those damages.

34.     The NCAA and its members' total abridgment of compensation rights for former student-athletes are a naked, per se restraint of trade, and are not connected to any legitimate non-commercial goal. The purpose of the NCAA's and its members' actions is solely to enhance revenue for themselves and their for-profit business partners by cutting costs, i.e., eliminating the need to pay any compensation to former student-athletes for the continuing commercial exploitation of their images and likenesses. The NCAA's actions have no relationship to any

1 alleged goal of "amateurism," as former student-athletes by definition are no longer members of
2 athletic teams under the NCAA's control.

3     35.     CLC has facilitated this illegal scheme and has financially benefited from it.

4     36.     As a direct and proximate result of Defendants' scheme, Plaintiff and the Class
5 members have been injured and financially damaged in amounts which are presently
6 undetermined. Plaintiff's and Class members' injuries consist of receiving lower prices for use of
7 their images than they would have received absent Defendants' conduct. Plaintiff's and Class
8 members' injuries are of the type the antitrust laws were designed to prevent and flow from that
9 which makes Defendants' conduct unlawful.

10     37.     Plaintiff alternatively pleads that Defendants have violated Section 1 of the
11 Sherman Act and that Defendants' actions violate the "rule of reason" antitrust analysis.

12     38.     Defendants' and their co-conspirators' cartel has collectively conspired to illegally
13 limit and depress the compensation of former student-athletes for continued use of their images to
14 zero. This patently anticompetitive and illegal scheme has unreasonably restrained trade.

15     39.     Defendants' scheme fails the "rule of reason" antitrust analysis, as its
16 anticompetitive effects substantially outweigh any alleged pro-competitive effects that may be
17 offered by Defendants, including that their collusive conduct is shielded by its concept of
18 "amateurism." Reasonable and less restrictive alternatives are available to Defendants' current
19 anticompetitive practices.

20     40.     Plaintiff and Class members are entitled to declaratory judgment declaring as void
21 and unenforceable all forms that purport to grant, transfer or convey the rights of former student-
22 athletes in the use of their images.

23     41.     Plaintiff and the Class are entitled to a permanent injunction that terminates the
24 ongoing violations alleged in this Complaint.

25
26
27
28

847683.2                 - 10 -                   CLASS ACTION COMPLAINT
                                                    CASE NO. _____

1
2
3

**COUNT II**
**Violation of Section 1 of the Sherman Act 15 U.S.C. § 1**
**Unreasonable Restraint of Trade—Group Boycott and Refusal to Deal**
**(Against All Defendants)**

4   42.   Plaintiff incorporates and re-alleges each allegation set forth in the preceding
5   paragraphs of this Complaint.

6   43.   Defendants and their co-conspirators, specifically the NCAA Division I and
7   Football Bowl Subdivision conferences and member universities, by and through Defendants' and
8   co-conspirators' officers, directors, employees, agents or other representatives, entered into a
9   continuing contract, combination and conspiracy in restraint of trade to effectuate a horizontal
10  group boycott of Class members. Defendants' group boycott and refusal to deal encompasses
11  Defendants' concerted refusal to compensate Class members for use of their images, and to
12  prevent Class members from being compensated for use of their image, in the United States and
13  its territories and possessions, in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

14  44.   Defendants' group boycott and refusal to deal includes Defendants' concerted
15  action to require all current student-athletes to sign forms each year that purport to require each of
16  them to relinquish all rights in perpetuity for use of their images. This concerted action is in
17  effect a refusal to deal with all Class members on future post-competition compensation rights
18  issues, and forecloses them from access to the market. Defendants use the eligibility rules as a
19  threat of boycott to force all student-athletes to sign the forms.

20  45.   Defendants' group boycott and refusal to deal also includes Defendants' ongoing
21  concerted action to deny Class members compensation in the form of royalties for the continued
22  use of their images for profit, including, but not limited to, through restrictions in the Bylaws.

23  46.   Plaintiff and the Class members received less than they otherwise would have
24  received for the use of their images in a competitive marketplace, were thus damaged, and seek to
25  recover for those damages.

26  47.   Defendants and their co-conspirators' total abridgment of compensation rights for
27  former student-athletes are a naked, per se restraint of trade, and are not connected to any
28  legitimate non-commercial goal. Defendants' actions are solely to enhance revenue for

847683.2                                    - 11 -                          CLASS ACTION COMPLAINT
                                                                            CASE NO. _____

1   themselves and their for-profit business partners, by cutting costs, i.e., eliminating the need to pay
2   any compensation to former student-athletes for the continuing commercial exploitation of their
3   images and likenesses. Defendants' actions have no relationship to any alleged goal of
4   "amateurism," or pro-educational purposes, as former student-athletes by definition are no longer
5   members of athletic teams under the NCAA's control. Thus, the NCAA's actions directly
6   regulate a commercial market and therefore are illegal.

7   48.   CLC has facilitated this illegal group boycott and refusal to deal, and has
8   financially benefited from it.

9   49.   As a direct and proximate result of Defendants' group boycott, Plaintiff and the
10  Class members have been injured and financially damaged in amounts which are presently
11  undetermined. Plaintiff's and Class members' injuries consist of denial of compensation for use
12  of their images. Plaintiff's and Class members' injuries are of the type the antitrust laws were
13  designed to prevent and flow from that which makes Defendants' conduct unlawful.

14  50.   Plaintiff alternatively pleads that the Defendants' group boycott and refusal to deal
15  violates Section 1 of the Sherman Act, and their concerted actions violate the "rule of reason"
16  antitrust analysis.

17  51.   Defendants' and their co-conspirators cartel have collectively conspired to illegally
18  deny compensation to former student-athletes for continued use of their images in unreasonable
19  restraint of trade.

20  52.   Defendants' group boycott fails the "rule of reason" antitrust analysis, as its
21  anticompetitive effects substantially outweigh any alleged pro-competitive effects that may be
22  offered by Defendants, including that their collusive conduct is shielded by its concept of
23  "amateurism" or pro-educational purpose. Reasonable and less restrictive alternatives are
24  available to Defendants' current anticompetitive practices.

25  53.   Plaintiff and the Class are entitled to a permanent injunction that terminates the
26  ongoing violations alleged in this Complaint.

27

28

847683 2                              - 12 -                         CLASS ACTION COMPLAINT
                                                                     CASE NO. _____

## COUNT III
### Unjust Enrichment
### (Against All Defendants)

54.     Plaintiff incorporates and re-alleges each allegation set forth in the preceding paragraphs of this Complaint.

55.     Defendants have been unjustly enriched as a result of the unlawful conduct detailed herein at the expense of Plaintiff and Class members.  Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred upon them via their wrongful conduct, and it would be unjust for them to be allowed to do so.

56.     Plaintiff seeks disgorgement of all Defendants' profits resulting from the wrongful conduct described herein and establishment of a constructive trust from which Plaintiff and the Class members may seek restitution.

## COUNT IV
### Accounting
### (Against All Defendants)

57.     Plaintiff incorporates and re-alleges each allegation set forth in the preceding paragraphs of this Complaint.

58.     As a result of the anticompetitive actions detailed herein, Defendants have received licensing revenues which are due and to be paid over to Plaintiff and Class members.

59.     The amount of money due from Defendants and their co-conspirators to Plaintiff and Class members is unknown to Plaintiff and Class members, and cannot be ascertained without an accounting of the receipts from the aforementioned transactions.

60.     Plaintiff seeks an accounting of the licensing revenues that Defendants have wrongfully diverted to themselves and other entities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.      That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil procedure;

1      B.     That the contract, combination or conspiracy, and the acts done in furtherance

2 thereof by Defendants and their co-conspirators, be adjudged to have been in violation of Section

3 1 of the Sherman Act (15 U.S.C. § 1);

4      C.     That judgment be entered for Plaintiff and the Class members against Defendants

5 for three times the amount of damages sustained by Plaintiff and the Class as allowed by law,

6 together with the costs and expenses of this action, including reasonable attorneys' fees;

7      D.     That Defendants be ordered to disgorge all profits earned via the wrongful use and

8 sale of Class members' images as described herein;

9      E.     That Plaintiff and Class members be awarded any available pre-judgment and

10 post-judgment interest;

11      F.     That an accounting be provided between or among Plaintiff, the Class Members

12 and the Defendants and that the Defendants pay over to Plaintiff and the Class Members the

13 amounts due from Defendants as a result of the accounting and any recoverable interest thereon.

14      G.     That Plaintiff and Class members are entitled to declaratory relief declaring as

15 void and unenforceable any releases that purport to have cause Plaintiff and Class members to

16 relinquish rights to compensation for use of their images after they no longer are student-athletes,

17 and further declaring as void and unenforceable all NCAA and member license agreements that

18 purport to represent that Class members have released future compensation rights for the use of

19 their images after they no longer are student-athletes;

20      H.     That Defendants, their affiliates, successors, transferees, assignees, and the

21 officers, directors, partners, agents and employees thereof, and all other persons acting or

22 claiming to act on their behalf, be permanently enjoined and restrained from, in any manner,

23 continuing, maintaining, or renewing the contract, combination or conspiracy alleged herein, or

24 from engaging in any other contract, combination or conspiracy having a similar purpose or

25 effect, and from adopting or following any practice, plan, program or device having a similar

26 purpose or effect;

27      I.     That Plaintiff and Class members are further entitled to equitable relief

28 permanently enjoining the future use of the release forms described herein, and enjoining

847683.2            - 14 -           CLASS ACTION COMPLAINT
                                                    CASE NO. _____

1  Defendants from selling, licensing or using former student-athletes' rights that Defendants do not

2  own; and

3      J.      That Plaintiff and Class members have such other, further and different relief as

4  the case may require and the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff demands a trial by jury on all

claims so triable.

Dated: November 13, 2009          By: _Joseph R. Saveri_

Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email:  efastiff@lchb.com

Kendall S. Zylstra
Stephen E. Connolly
FARUQI & FARUQI, L.L.P.
2600 Philmont Avenue, Suite 324
Huntingdon Valley, Pennsylvania 19006
Telephone: (215) 914-2460
Facsimile: (215) 914-2462
Email: kzylstra@faruqilaw.com

Eric L. Cramer
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: 1(800) 424-6690
Facsimile: (215) 875-4604
Email:  ecramer@bm.net

Joshua P. Davis
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, California 94131
Telephone: (415) 422-6223

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT
CASE NO. _____